2012 UT 69

**Douglas Stewart CARTER, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

No. 20090432.

Supreme Court of Utah.

Oct. 5, 2012.

Loren E. Weiss, Salt Lake City, Jon M. Sands, Ken Murray, Paula K. Harms, Phoenix, AZ, for appellant.

Mark L. Shurtleff, Att'y Gen., Thomas B. Brunker, Erin Riley, Asst. Att'ys Gen., for appellee.

Justice DURHAM, opinion of the Court:

## INTRODUCTION

¶ 1 In 1985, Douglas Carter was convicted of first degree murder and sentenced to death. He now appeals the district court's dismissal of his successive postconviction petition for relief. We affirm the dismissal.

## BACKGROUND

¶ 2 In February 1985, Eva Oleson was found murdered in her home in Provo. Police eventually identified Carter as a suspect. In April of that year, he was arrested and charged with first degree murder in Nashville, Tennessee, then extradited to Utah. In

December, he was convicted and sentenced to death.[1]

¶ 3 Carter appealed to this court. We affirmed the conviction but vacated the death sentence and remanded for new sentencing proceedings due to an erroneous jury instruction regarding aggravating circumstances. *State v. Carter (Carter I)*, 776 P.2d 886, 896 (Utah 1989).

¶ 4 In 1992, Carter was again sentenced to death; again he appealed to this court. We affirmed the renewed sentence of death in January 1995. *State v. Carter (Carter II)*, 888 P.2d 629, 658 (Utah 1995).

¶ 5 Up to this point, Carter had been represented by counsel. In October 1995, Carter filed a pro se application in district court for a writ of habeas corpus. *Carter v. Galetka (Carter III)*, 2001 UT 96, ¶ 3, 44 P.3d 626. A team of four attorneys then took his case, and filed an amended petition in February 1996. *Id.*

¶ 6 While Carter's petition for habeas corpus was pending in district court, the legislature enacted a statute requiring courts to appoint state-funded counsel to indigent defendants in a postconviction action involving a sentence of death. UTAH CODE § 78-35a-202 (1997).[2] In October 1997, Carter asked that his postconviction attorneys be appointed to represent him pursuant to the new statute; the district court granted that request. *Carter III*, 2001 UT 96, ¶ 3, 44 P.3d 626. In July 1998, appointed counsel filed a second amended petition for habeas corpus and post-conviction relief. *Id.* The district court dismissed most of Carter's claims as procedurally barred and denied the rest of his claims on their merits. *Id.* ¶ 4. Carter

again appealed to this court, and in November 2001, we affirmed the district court's decision. *Id.* ¶ 62.

¶ 7 In March 2004, Carter filed a petition for a writ of habeas corpus in the U.S. District Court for the District of Utah. The federal district court determined that Carter's petition included claims which had not been exhausted in state proceedings. *See Carter v. Friel*, 415 F.Supp.2d 1314, 1322–23 (D.Utah 2006).[3]

¶ 8 Accordingly, Carter withdrew these claims[4] and in January 2006 filed a successive petition for postconviction relief in Utah district court "so that claims that [the federal district court] has ruled were not exhausted may be addressed and exhausted by the Utah state court."[5] In February of that year, the State moved to dismiss. In the fall of 2008, Carter's state-appointed counsel withdrew; two lawyers from the office of the Federal Public Defender for the District of Arizona were subsequently admitted pro hac vice to represent him. At a hearing on the State's motion to dismiss on January 30, 2009, Carter's new counsel moved for a six-month stay of proceedings. The court did not rule on this request. On April 27, 2009, the court dismissed the petition. Carter timely appealed the dismissal. We have jurisdiction under Utah Code section 78A-3-102(3)(i).

## STANDARD OF REVIEW

¶ 9 "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." *Taylor v. State*, 2012 UT 5, ¶ 8, 270 P.3d 471 (internal quotation marks omitted).

---

1. A recitation of the facts surrounding the murder, investigation, arrest, trial, first direct appeal, resentencing, and second direct appeal is presented in *State v. Carter (Carter II)*, 888 P.2d 629, 633–37 (Utah 1995).

2. The statute has been amended and renumbered as Utah Code section 78B-9-202. *See infra* ¶ 34 n.11. As regards the appointment of counsel, the statute is "still in force." *Kell v. State*, 2012 UT 25, ¶ 33, 285 P.3d 1133.

3. The remainder of the petition has recently been denied. *Carter v. Bigelow*, No. 02–326, 2012 WL 3964819, at *1, *50 (D.Utah Sept. 11, 2012).

4. *See id.* at *11.

5. At oral argument on the motion to dismiss, current counsel observed, "I'm struck by the fact that there are arguments that in some respects ... these issues have been raised and decided; and if they have, then the Court just needs to say that, because then they were in fact exhausted for federal purposes." Today we say precisely that.

"Moreover, when confronted with ineffective assistance of counsel claims, we review a lower court's purely factual findings for clear error, but we review the application of the law to the facts for correctness." *Archuleta v. Galetka*, 2011 UT 73, ¶ 25, 267 P.3d 232 (alterations and internal quotation marks omitted).

## ANALYSIS

¶ 10 At the January 30, 2009 hearing on the State's motion to dismiss, the district court denied Carter's request for a six-month stay of proceedings to allow him to reorganize and rebrief his petition. On April 27, 2009, the district court issued an order dismissing Carter's petition. This order held that all claims were procedurally barred except the claim of ineffective assistance of postconviction counsel in the first Post Conviction Relief Act (PCRA) proceedings. It further held that no exceptions to the procedural bar applied. On the claim of ineffective assistance of postconviction counsel, the district court held that the 2008 amendments to the PCRA did not have retroactive effect and therefore did not apply to Carter's January 2006 petition. However, the district court went on to conclude that Carter's claim was not timely brought, and dismissed on that ground after determining that Carter had made no showing sufficient to excuse the time bar.

¶ 11 We first hold that the district court did not abuse its discretion in denying Carter's request for a six-month stay of proceedings. We next hold that the district court was correct in determining that all of Carter's claims are procedurally barred except the claim of ineffective assistance of postconviction counsel. On that claim, we determine that Carter has not made a showing of ineffective assistance, and that therefore we need not consider whether the claim is time barred or whether he has either a statutory or constitutional right to effective assistance of postconviction counsel.

## I. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING CARTER'S REQUEST FOR A SIX–MONTH STAY

¶ 12 In the January 30, 2009 hearing, Carter's new counsel asked the court for a six-month stay to reorganize and rebrief the successive petition. The request was made orally at the hearing without any accompanying filings. Counsel represented that this delay would allow them to "clarify ... what issues have and have not been raised" and "access.... the law enforcement files [i.e., those from the 1985 investigation]." Counsel further suggested that the case could be concluded within eighteen months. The State opposed the request. The court did not make an explicit ruling on the request for a stay, but its concluding remarks implicitly rejected the request by suggesting that its ruling would be forthcoming within "somewhere between 60 and 90 days." The district court then issued its order of dismissal on April 27, 2009—three months after Carter's oral request for a six-month stay. The order did not reference Carter's request for a stay.

¶ 13 On appeal, Carter argues that the district court abused its discretion in denying the requested stay due to "the admitted lack of qualifications and failures of prior postconviction counsel in this matter, and ... the interests of judicial economy." The State counters that when requesting the stay Carter "proffered little in the way of specific investigation and evidence development that he hoped to accomplish in the additional time or why the time allotted was not enough."

¶ 14 "The decision whether or not to grant a continuance is properly left to the discretion of the [trial judge]." *State v. Rogers*, 2006 UT 85, ¶ 18, 151 P.3d 171. We hold that the district court did not abuse its discretion in denying the request. Carter's counsel did not, either at the hearing below or at oral argument before this court, sufficiently articulate what could have been accomplished in the requested six months. Additionally, although the court did not grant a six-month stay, almost three months elapsed between the hearing and the issuance of the order of dismissal. Yet Carter has not articulated what, if anything, was accomplished in that time period to further the ends for which the stay was requested. Thus, he has not shown that the court abused its discretion.

## II. ALL CLAIMS EXCEPT THOSE OF INEFFECTIVE ASSISTANCE OF POSTCONVICTION COUNSEL ARE PROCEDURALLY BARRED

### A. Barred Claims

■ ¶ 15 The PCRA precludes relief on any ground that "was raised or addressed at trial or on appeal," as well as any ground that "was raised or addressed in any previous request for post-conviction relief." UTAH CODE § 78–35a–106(1)(b), (d) (2004).[6]

■ ¶ 16 The district court found that many of the claims raised in Carter's successive petitions had been raised and rejected in prior proceedings, and dismissed them as procedurally barred on that basis. The successive petition contains eleven numbered claims and copious sub-claims. In an appendix to its order of dismissal, the district court parsed these into fifty-five distinct claims. Here we list these claims in general terms.[7]

¶ 17 The district court dismissed the following claims after finding them barred as raised and rejected in prior proceedings: (1) certain claims alleging ineffective assistance of counsel at the 1985 trial; (2) a claim that Carter's rights to confront the witnesses against him and to due process under the Sixth and Fourteenth Amendments of the U.S. Constitution were violated at the 1985 trial by the introduction of translated testimony; (3) claims alleging ineffective assistance of counsel on direct appeal from the 1985 trial; (4) certain claims alleging ineffective assistance of counsel at the 1992 resentencing phase; (5) a claim that Carter's rights were violated during the 1992 resentencing phase by the introduction of testimony from Dr. Robert Howell; (6) a claim that Carter's rights were violated during the 1992 resentencing phase by the inclusion of biased and incompetent jurors in the venire panel and by the trial court's failure to remove those jurors for cause; (7) a claim that Carter's right to due process was violated by the cumulative effect of those alleged errors in the 1985 trial and the direct appeal from that trial; (8) a claim that Carter's right to due process was violated by the cumulative effect of those alleged errors together with further alleged errors during the 1992 resentencing phase and the direct appeal from that resentencing; and (9) a claim that Carter's rights were violated during the 1992 resentencing phase because allegedly deficient jury instructions and improper arguments of counsel created an unacceptable risk that the jury would not fully consider mitigating circumstances.

¶ 18 Carter effectively concedes that these claims were raised and rejected in prior proceedings, but argues that one or more exceptions apply which excuse the procedural bar.

¶ 19 The PCRA further precludes relief on any ground that "could have been but was not raised at trial or on appeal," as well as

---

6. The PCRA has been repeatedly amended and renumbered since Carter filed his successive petition. "For clarity, we cite to the ... version of the Utah Code ... in effect when [Carter] filed his petition." *Taylor v. State*, 2012 UT 5, ¶ 13 n. 5, 270 P.3d 471.

7. As we stated in *Carter I*,

> this Court need not analyze and address in writing each and every argument, issue, or claim raised.... Rather, it is a maxim of appellate review that the nature and extent of an opinion rendered by an appellate court is largely discretionary with that court.
>
> ....
>
> Use of this rule in capital punishment and other cases continues to be appropriate and important in acknowledging established principles while enabling this Court, after fair and comprehensive review, to expeditiously focus judicial resources and energy on those critical or outcome-determinative issues which may be raised in any given case and/or which have not in substance been previously urged upon this Court and rejected.

776 P.2d at 888–89. And as we stated in *Carter III*,

> [b]ecause Carter's petition contains many allegations, we reiterate at the outset that ... this court reviews and decides each of the allegations of error raised in a death penalty case.... Our decision not to address in writing certain issues is in no way a reflection upon counsel's presentation of the case....[I]f an issue raised depends upon essential principles that have already been established, we may well omit discussion of that issue.

2001 UT 96, ¶ 5. Accordingly, while we do not discuss each of Carter's claims at length here, we stress that we have considered them individually and affirm the district court's conclusion that with one exception—the claim of ineffective assistance of postconviction counsel—they are all barred. And we affirm the dismissal of that one remaining claim. *See infra* ¶ 42.

any ground that "could have been, but was not, raised in a previous request for post-conviction relief." UTAH CODE § 78–35a–106(1)(c)–(d) (2004).

¶ 20 The district court dismissed the following claims after finding them barred since they could have been, but were not, raised at trial, on appeal, or in prior postconviction proceedings: (1) certain other claims alleging ineffective assistance of counsel at the 1985 trial; (2) a claim that Carter's due process rights under the Utah and U.S. Constitutions were violated during the 1985 trial because the jury was improperly instructed and accordingly may not have individually found all essential elements of the crime beyond a reasonable doubt; (3) certain other claims alleging ineffective assistance of counsel at the 1992 resentencing phase; and (4) a claim that Carter's rights were violated during the 1992 resentencing phase by alleged prosecutorial misconduct.

¶ 21 Again, Carter effectively concedes that these claims could have been raised in prior proceedings, but argues that one or more exceptions apply which excuse the procedural bar.

### B. No Exception Excuses the Procedural Bar

1. The Common Law Exceptions Enumerated in *Hurst* Are Available to Petitioners Filing Prior to the Effective Date of the 2008 PCRA Amendment

¶ 22 In *Hurst v. Cook*, this court noted that while "a prior adjudication of [a] ground for relief is [generally] sufficient to bar relitigation on that ground. . . . [a] showing of good cause that justifies the filing of a successive claim may be established by showing" one of five enumerated circumstances. 777 P.2d 1029, 1037 (Utah 1989). Among these circumstances, we listed "the existence of fundamental unfairness in a conviction" and "a

claim overlooked in good faith with no intent to delay or abuse the writ."[8] *Id.*

¶ 23 In 2008, the legislature amended the PCRA to eliminate these common law exceptions. *See Taylor v. State*, 2012 UT 5, ¶ 11 n. 3, 270 P.3d 471 ("The PCRA was amended in 2008 to 'extinguish' the [*Hurst*] common law exceptions. . . ."). *Compare* UTAH CODE § 78B–9–102(1) ("This chapter establishes *the sole* remedy for any person who challenges a conviction or sentence for a criminal offense and who has exhausted all other legal remedies. . . . This chapter *replaces all prior remedies* for review, including extraordinary or common law writs." (emphases added)), *with id.* § 78–35a–102(1) (2007) ("This chapter establishes *a* substantive legal remedy for any person who challenges a conviction or sentence for a criminal offense and who has exhausted all other legal remedies. . . ." (emphasis added)).

¶ 24 Nonetheless, "[w]e consider [the *Hurst*] exceptions in this case because [Carter] filed his petition prior to the 2008 amendment to the PCRA." *Taylor*, 2012 UT 5, ¶ 49 n. 10, 270 P.3d 471. We therefore consider whether any of the exceptions enumerated in *Hurst* allow Carter to escape the bar against successive review of previously raised and litigated claims.

2. Carter Has Not Made the Required Threshold Showing

■ ¶ 25 "For a court to examine a claim under the good cause exceptions, a petitioner has the burden of proving that a claim is not frivolous and was not withheld for tactical reasons." *Id.* ¶ 50 (citing *Hurst*, 777 P.2d at 1037). The district court noted that Carter "nowhere makes clear on which common law exception he sought to rely," but that in any event he "has failed to make the preliminary showing that must be made in order for the

---

8. *Hurst* lists the following five "good cause" exceptions:
 (1) the denial of a constitutional right pursuant to new law that is, or might be, retroactive, (2) new facts not previously known which would show the denial of a constitutional right or might change the outcome of the trial, (3) the existence of fundamental unfairness in a conviction, (4) the illegality of a sentence, or

(5) a claim overlooked in good faith with no intent to delay or abuse the writ.
777 P.2d at 1037 (footnote omitted) (citations omitted). "We later clarified that this list of 'good cause' exceptions is not exhaustive." *Gardner v. Galetka (Gardner IV)*, 2007 UT 3, ¶ 18, 151 P.3d 968 (citing *Candelario v. Cook*, 789 P.2d 710, 712 (Utah 1990)). .

Court to consider whether any of the common law exceptions apply. That is, he has not shown that the successive claims he raises were not withheld for tactical reasons." The district court determined that "[a]ll of the claims and sub-claims raised [for the first time] in Petitioner's successive petition appear to be ones for which a reasonable basis can be articulated for not raising them in a prior post-conviction proceeding." The court listed the following examples of possible reasonable bases: (1) limitations in time, funding, and resources; (2) the claims not raised were weaker or less persuasive than those that were raised; (3) a desire to avoid distracting the court from other, stronger claims; and (4) the claims not raised would have been futile. Accordingly, the court determined that it could not even consider whether any common law exceptions excused the procedural bar, since Carter had not made a threshold showing that these claims had not been withheld for tactical reasons.

¶ 26 Carter argues on appeal that the district court incorrectly applied the governing law. He quotes this court's precedent to the effect that "[i]n order to reach analysis under the *Hurst* factors, a claim must be facially plausible." *Gardner v. Galetka (Gardner III)*, 2004 UT 42, ¶ 16, 94 P.3d 263. Carter reasons that once the threshold of facial plausibility is met, a district court should proceed to examine whether any common law exception to the procedural bar applies. He argues that the district court's reasoning here conflated the fifth *Hurst* exception—"a claim overlooked in good faith with no intent to delay or abuse the writ," 777 P.2d at 1037—with the other lower standard that applies at the threshold stage.

¶ 27 The State counters generally that Carter did not argue the *Hurst* exceptions below and that therefore this unpreserved claim should be reviewed for plain error. Since Carter makes no argument that the district court's refusal to consider the *Hurst* exceptions constitutes a plain error, the State urges that we do not reach this claim. In the alternative, the State argues that the district court correctly applied the law and that facial plausibility is not the sole threshold showing

required to proceed to consideration of the *Hurst* exceptions.

¶ 28 The language in *Gardner III* does not suggest that facial plausibility is the only threshold showing required to consider whether the common law exceptions enumerated in *Hurst* apply. Indeed, a subsequent opinion of this court treating Gardner's case clarified that in *Gardner III* we were applying one aspect of *Hurst*'s broader statement of the required threshold showing:

A successive post-conviction claim that is "facially implausible" or, in other words, "frivolous" does not warrant consideration under the "good cause" common law exceptions....

... [I]n *Hurst* itself, we explicitly stated that "[f]rivolous claims, once-litigated claims with no showing of 'unusual circumstances' or 'good cause,' *and claims that are withheld for tactical reasons* should be summarily denied." This language imposes *a separate and distinct procedural determination for successive post-conviction claims that is made before we reach an analysis under the "good cause" common-law exceptions.* In *Gardner III*, we simply applied this same procedural determination.... As a result, ... we declined to reach a discussion of the "good cause" common law exceptions.

*Gardner v. Galetka (Gardner IV)*, 2007 UT 3, ¶¶ 25–26, 151 P.3d 968 (fourth alteration in original) (emphases added). In light of this language, it is clear that *Hurst* establishes as a threshold requirement a showing of the following: (1) the claims at issue are not frivolous; (2) claims that have been raised and decided in prior proceedings feature "unusual circumstances" or "good cause"—the latter being a general term applying to all exceptions which *Hurst* enumerates, *see* 777 P.2d at 1037; and (3) the claims were not withheld for tactical reasons.

¶ 29 Carter is incorrect in arguing that the district court "conflated" the good-cause exception enumerated in *Hurst* with the required threshold showing. Instead, the fifth *Hurst* exception—"a claim overlooked in good faith," *id.*—is one type of claim that can be excused from the procedural bar only if a threshold showing is made

that, among the other criteria just listed, the claim was not "withheld for tactical reasons." *Id.* Claims that have been withheld for tactical reasons "should be summarily denied." *Id.* The consideration of whether a claim was "overlooked in good faith, with no intent to *delay or abuse* the writ," *id.* (emphasis added), is a separate analysis to be conducted only after the threshold showing is met. Indeed, the non-pejorative phrase "tactical reasons" does not have the same meaning as the more specific phrase "intent to delay or abuse." The former speaks of trial or appellate strategy which may be entirely sound and proper; the latter is by definition improper.[9]

¶ 30 The district court was correct in holding that Carter did not make the required threshold showing that the claims which could have been raised in prior proceedings were not withheld for tactical reasons, and that it therefore could not proceed to analysis under the *Hurst* factors. *See Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) ("When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect."). Further, Carter has not made a showing of "good cause" or "unusual circumstances," *Hurst*, 777 P.2d at 1037, sufficient to excuse the procedural bar for those claims barred as previously raised.

¶ 31 Finally, we reiterate that the 2008 PCRA amendments eliminated the *Hurst* common law exceptions, *supra* ¶ 23, and that we discuss them today only because Carter filed his successive petition prior to the effective date of those amendments, *supra* ¶ 24.

### III. CARTER HAS NOT SHOWN INEFFECTIVE ASSISTANCE OF POSTCONVICTION COUNSEL

■■ ¶ 32 For the foregoing reasons, all but one of Carter's claims are barred from review, and no exceptions apply. The remaining claim is for ineffective assistance of postconviction counsel in prior postconviction proceedings (i.e., those that were the subject of *Carter III* ). By definition, this claim could not have been brought in prior proceedings and is therefore not subject to either form of the procedural bar. This claim is the only method by which Carter can obtain review of any of his other claims, but to do so he must make a showing of ineffective assistance of postconviction counsel. As we noted in *Archuleta v. Galetka*, the PCRA[10] "clearly allows an otherwise procedurally barred airing of a substantive claim when it wasn't raised because of ineffective assistance of counsel. But there must first be a showing of ineffective assistance of counsel. The mere allegation of ineffective assistance is not enough alone to revive the substantive claim." 2011 UT 73, ¶ 32, 267 P.3d 232.

¶ 33 In 2006, we interpreted the PCRA to provide not just counsel but a right to *effective* counsel in postconviction proceedings. In 2008, the legislature amended the PCRA to disavow our interpretation. The district court determined that this amendment did not have retroactive effect. It dismissed the claim as time-barred, however. We hold that Carter has not shown ineffective assistance of his prior postconviction counsel. Accordingly, we do not determine whether the amendment applies retroactively or whether, if it does not, Carter's claim is time-barred or Carter had a constitutional right to effective assistance of counsel.

¶ 34 In 2006, we held the following:

[B]y extending the right to appointed counsel to [death penalty defendants in post-conviction cases], our legislature has expressly recognized that [these] proceedings are unlike the traditional civil case.

---

9. *See Rhines v. Weber*, 544 U.S. 269, 277–78, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) ("[C]apital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death."). This is the "intent to delay or abuse the writ" spoken of in *Hurst*, 777 P.2d at 1037; it is a different matter from the withholding "for tactical reasons" spoken of in *Hurst, id.*

10. Specifically, Utah Code section 78B–9–106(3) states that "[n]otwithstanding [the procedural bar], a person may be eligible for relief on a basis that the ground could have been but was not raised at trial or on appeal, if the failure to raise that ground was due to ineffective assistance of counsel."

This intent is consistent with our habeas corpus jurisprudence and with the underlying nature and policy of post-conviction death penalty proceedings. Given the high stakes inherent in such proceedings—life and liberty—providing a petitioner the procedural safeguard of appointed counsel is an important step in assuring that the underlying criminal conviction was accurate. We refuse merely to pay lip service to this legislatively created protection by holding that a petitioner in a post-conviction death penalty proceeding is only entitled to ineffective assistance of appointed counsel. Therefore, we hold that Menzies has a statutory right to effective assistance of counsel under Utah Code section 78–35a–202.[11]

*Menzies v. Galetka,* 2006 UT 81, ¶ 82, 150 P.3d 480 (alterations in original) (citation omitted) (internal quotation marks omitted).

¶ 35 In *Menzies,* this court applied the right to effective assistance of postconviction counsel (which it inferred from the pre-amendment text of the PCRA) to determine that Menzies had been "constructively denied the assistance of counsel." *Id.* ¶ 98. Under the "extraordinary circumstances of [counsel's] ineffective assistance . . . and grossly negligent representation," *id.* ¶ 118, we remanded to the district court to allow Menzies "to investigate his claims in accordance with the pertinent Utah rules and . . . amend his post-conviction petition," *id.* ¶ 111.

¶ 36 The deficiencies of Menzies's counsel were egregious. Counsel "never responded to the State's repeated discovery requests," *id.* ¶ 100, and Menzies "was unaware of the status of his case during most of the time [counsel] was representing him," *id.* ¶ 107. Further, counsel "repeatedly failed to comply with straightforward procedural requirements and court-ordered deadlines." *Id.* ¶ 105. Accordingly, we felt it "necessary to set aside the entire course of his representation and give Menzies an opportunity to properly develop his case. . . . We simply

[could not] allow Menzies' sentence to be carried out without allowing him to exercise his right to post-conviction review." *Id.* ¶ 110; *see also Archuleta,* 2011 UT 73, ¶¶ 158–69, 267 P.3d 232 ("clarify[ing] the limited scope of our decision in *Menzies*" and holding that counsel's "representation in this case was not so extraordinarily deficient and grossly negligent so as to entitle [petitioner] to relief").

¶ 37 In an apparent response to this holding, the legislature amended the PCRA in 2008. The amended and renumbered section now explicitly states that "[n]othing in this chapter shall be construed as creating the right to the effective assistance of post-conviction counsel, and relief may not be granted on any claim that postconviction counsel was ineffective." Utah Code § 78B–9–202(4); *see also Kell v. State,* 2012 UT 25, ¶ 23, 285 P.3d 1133.

¶ 38 In reviewing Carter's successive petition, the district court concluded that the 2008 amendment did not retroactively apply. However, the court further concluded that claim was time-barred and that, in the absence of a showing of ineffectiveness, no exception to the statute of limitations applied. Since Carter has not shown ineffective assistance, we need not determine whether the amendment applies retroactively. Nor need we determine whether, if the amendment is retroactive, Carter enjoyed a constitutional right to effective assistance.

 ¶ 39 "The [U.S.] Supreme Court established a two-part test for evaluating a defendant's claim of ineffective assistance of counsel: 'First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense.'" *State v. Jimenez,* 2012 UT 41, ¶ 12, 284 P.3d 640 (second alteration in original) (quoting *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "This requires the defendant to

---

11. At the time, the statute provided that "[i]f the court finds that the defendant is indigent, it shall promptly appoint counsel who is qualified to represent defendants in death penalty cases." Utah Code § 78–35a–202(2)(a) (2007). This is the language from which this court inferred a right

to effective assistance of postconviction counsel in *Menzies.* The 2008 amendments renumbered the section and added an explicit disclaimer of the statutory right referenced in *Menzies. See id.* § 78B–9–202(2)(a), (4).

proffer evidence sufficient to support a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks omitted).

¶ 40 Observing that Carter specifically articulated neither his postconviction counsel's supposed deficiencies nor how these deficiencies prejudiced him, the district court concluded that "he has failed to demonstrate that his ineffectiveness claim is meritorious." Accordingly, the court concluded that the time bar could not be excused.

¶ 41 On appeal before this court, Carter argues that postconviction counsel spent "little or no time ... working with investigators or experts on this case." Carter then details certain mitigation evidence regarding his family and neighborhood background, as well as alleged deficiencies in the psychological and neurological examinations conducted for resentencing and direct appeal which "an unconflicted and properly prepared mental health expert could have presented at sentencing and in the first post-conviction proceedings." This evidence was not presented at the 1992 resentencing phase. In addition to mitigation evidence not previously presented, Carter argues that he provided the district court with "police reports and forensic reports that cast real doubt on [his] guilt." Taken together, he says, these materials warrant either a new sentencing phase or a remand for an evidentiary hearing under the PCRA. In response, the State argues that Carter has not borne his burden of demonstrating that this evidence would have generated a substantial likelihood of a different result in prior proceedings. The State further contends that Carter has not specifically articulated how prior counsel's performance fell to the level of constitutional ineffectiveness.

¶ 42 We agree with the State. While a more thorough investigation into mitigating evidence may have been possible, Carter has not demonstrated that prior counsel conducted an investigation so deficient as to be constitutionally ineffective. Nor has he made the required showing of prejudice.[12]

Carter has not made the showing of prejudice required under *Strickland,* let alone of the constructive denial of counsel found in *Menzies* and clarified by *Archuleta.* Even if we were to proceed to the merits of his claim of ineffective assistance of postconviction counsel, his claim would necessarily fail. Accordingly, we need not consider whether his claim is time-barred; whether he even has a statutory entitlement to such a claim or whether instead the 2008 amendment retroactively forecloses it; or whether, if the amendment is retroactive, he has a constitutional entitlement to such a claim.

## CONCLUSION

¶ 43 All of Carter's claims are procedurally barred except his claim of ineffective assistance of postconviction counsel. Since he has not made the required showing for such a claim, we decline to consider whether he is entitled to make it. Accordingly, we affirm the district court's dismissal of his successive petition.

Justice DURHAM authored the opinion of the Court, in which Chief Justice DURRANT, Associate Chief Justice NEHRING, Justice PARRISH, and Justice LEE joined.

---

12. We have reviewed Carter's remaining arguments of ineffective assistance of postconviction counsel and find them to be without merit. *See supra* ¶ 16 n. 7.