**2015 UT App 221**

## THE UTAH COURT OF APPEALS

LOUIS MALEK,
Appellant,
*v.*
A.C. BIGELOW, ET AL.,
Appellees.

Per Curiam Decision
No. 20140676-CA
Filed September 3, 2015

Third District Court, Salt Lake Department
The Honorable Paul B. Parker
No. 130905472

Louis Malek, Appellant Pro Se

Sean D. Reyes, Nancy L. Kemp, and Amanda N. Montague, Attorneys for Appellees

Before JUDGES STEPHEN L. ROTH, JOHN A. PEARCE, and KATE A. TOOMEY.

PER CURIAM:

¶1     Louis Malek appeals the trial court's order granting summary judgment in favor of A.C. Bigelow, et al., (Respondents) and denying his petition for relief under rule 65B of the Utah Rules of Civil Procedure. We affirm.

¶2     Malek is incarcerated in the Utah State Prison. He filed a complaint citing Title 42, section 1983 of the United States Code as the basis for the complaint and alleging causes of action based on allegations of unnecessary rigor and deliberate indifference regarding his treatment in prison. Although he stated that the proceeding was "a civil action for damages" he did not serve the complaint or further prosecute it as a civil action. Instead, the matter sat idle for about a year.

¶3 Prompted by a notice from the trial court of an ex parte communication, Malek filed a letter to the court stating that the "petition was filed pursuant to rule 65B of the Utah Rules of Civil Procedure." Malek further noted that under rule 65B, the court must determine after an initial review whether to serve the petition on Respondents. Shortly after receiving the letter, the court issued a ruling requiring the petition to be served and ordering Respondents to answer the petition. In that ruling, the trial court stated,

> although the complaint purports to bring an action against the prison warden and various employees, a summons was not issued or served . . . . Furthermore, the content of the documents accompanying and filed since his complaint speak to the conditions of his confinement, specifically the prison staff's treatment of his medical needs and are not consistent with his intent to sue the prison. Since the complaint was not served nor prosecuted as a complaint, this court will instead treat Mr. Malek's filings as an extraordinary writ under rule 65B.

Accordingly, from that point on and without objection from Malek, the proceedings in the trial court were prosecuted as a petition for extraordinary relief under rule 65B.

¶4 Respondents moved for summary judgment, supporting the motion with several affidavits. After the motion was fully briefed, the trial court entered its ruling and order on May 7, 2014. The trial court ruled that Malek's claims failed as a matter of law and, accordingly, denied relief. Malek appeals.

¶5 Malek argues that the trial court erred in construing his complaint as "solely" a petition under rule 65B. However, Malek specifically notified the trial court that the pleading was filed under that rule. Because Malek invited the alleged error of which

he now complains, appellate review is precluded. *State v. Winfield*, 2006 UT 4, ¶ 15, 128 P.3d 1171. It is well settled that "a party cannot take advantage of an error committed at trial when that party led the trial court into committing the error." *Id.* (citation and internal quotation marks omitted). Moreover, even if Malek did not invite the alleged error, at the very least he consented to his complaint moving forward as a rule 65B petition and did not object at any point, as noted by the trial court in its final order.[1] This failure to preserve the issue also precludes appellate review. *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801.

¶6 Malek also argues that disputed material facts preclude summary judgment. He challenges the sufficiency of the affidavits regarding the prison's asbestos abatement program. However, given the narrow scope of the petition for relief, there is no material fact in dispute. Malek asserts that the affidavits regarding the abatement program do not cover relevant years of potential exposure earlier in his incarceration. This purported dispute of fact is not material, however, because those years relate only to his personal injury claims, which are beyond the scope of the rule 65B petition. There is no dispute of material fact regarding the current conditions or possibility of exposure to

---

1. Malek argues that the case should have moved forward as a mixed claim proceeding, such as when both tort and contract claims are presented in a single action. However, that does not comport with the limited scope of a petition for extraordinary relief, which is available only where no other plain, speedy, or adequate remedy is available. Utah R. Civ. P. 65B(a). Pursuing a civil action for tort claims is a separate remedy and cannot be combined with a request for extraordinary relief in a rule 65B petition. Furthermore, a petition for extraordinary relief "is not an appropriate or available remedy for damages claims." *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).

asbestos in the prison. The trial court determined that Malek's claim for relief from asbestos exposure was moot "since he has presented . . . no evidence that he is currently being subjected to asbestos exposure, or [that he] has been since the asbestos abatement procedures" took place.

¶7     In sum, Malek has not shown that the trial court erred in denying his petition for extraordinary relief on a summary judgment motion.[2]

¶8     Affirmed.

––––––––––––

---

2. Malek asserts other issues on appeal, which we determine to be without merit. We do not address them further. *See Carter v. State*, 2012 UT 69, ¶ 16 n.7, 289 P.3d 542("[T]his court need not analyze and address in writing each and every argument, issue, or claim raised.").