**2015 UT App 229**

## THE UTAH COURT OF APPEALS

RICHARD BRIAN COLLUM,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20140760-CA
Filed September 11, 2015

Seventh District Court, Price Department
The Honorable George M. Harmond
No. 130700052

Richard Brian Collum, Appellant Pro Se

Sean D. Reyes and Erin Riley, Attorneys for Appellee

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
JOHN A. PEARCE.

PER CURIAM:

¶1     Richard Brian Collum appeals the trial court's order
dismissing his petition for post-conviction relief as untimely. We
affirm.

¶2     Collum pleaded no contest to a charge of sexual abuse of
a child in 2010. He was sentenced to the statutory term of one to
fifteen years in prison on July 6, 2010. The Judgment and
Commitment order was entered on July 8, 2010. Collum did not
appeal his sentence. In June 2013, Collum filed a petition for
post-conviction relief under the Post-Conviction Remedies Act
(PCRA). Utah Code Ann. §§ 78B-9-101 to -405 (LexisNexis 2012
and Supp. 2014). The trial court noted that the petition appeared
to be untimely and provided notice to the parties inviting a
response to the timeliness issue pursuant to section 78B-9-
106(2)(b). Collum responded, and the State filed a motion to

dismiss, to which Collum also responded. After consideration of the pleadings, the trial court dismissed Collum's petition as untimely under section 78B-9-107. Collum appeals.

¶3   Collum acknowledges that his petition was untimely filed but asserts that his petition should be heard on the merits for various reasons. However, he does not show that any statutory provision or other exception would apply to his petition to permit it to move forward on the merits. Additionally, because the timeliness of the petition is the dispositive issue, to the extent that Collum raises other issues, they are not relevant to the posture of this appeal.

¶4   Collum first asserts that he has a "constitutional right to appeal beyond [the] time limit." He cites *Manning v. State*, 2005 UT 61, 122 P.3d 628, to support his argument, and notes that *Manning* permits a court to reinstate the time to file a direct appeal. *Manning*, however, does not apply to alter the date for filing a petition for post-conviction relief. To the extent that Collum asserts that he was deprived of a direct appeal from his sentence,[1] he may seek relief under *Manning* in the proper forum. But his post-conviction petition is a separate action not within the scope of his criminal case. Collum's assertion that he was denied a direct appeal has no bearing on the timeliness of his post-conviction petition.

¶5   Under Utah Code section 78B-9-107, a petitioner may be entitled to post-conviction relief "only if the petition is filed within one year after the cause of action has accrued." Utah Code Ann. § 78B-9-107(1). For Collum, because he did not appeal, the date of accrual was August 9, 2010, the last day for filing an appeal. *Id.* § 78B-9-107(2)(a). Collum initially

---

1. Because Collum did not move to withdraw his plea before sentencing, he is precluded from appealing the validity of his plea on direct appeal. *See State v. Rhinehart*, 2007 UT 61, ¶ 14, 167 P.3d 1046.

acknowledged that his petition was filed beyond the time limit, but now he attempts to provide alternate dates of accrual or to support a tolling of the time to file under other subsections of section 78B-9-107. None of his claims have merit.

¶6    Section 78B-9-107(2)(f) provides that a cause of action may accrue on the date on which a new rule of law is established as described in section 78B-9-104(1)(f). Subsection 104(1)(f) provides that a petitioner may assert a claim for relief if the petitioner "can prove entitlement to relief under a rule announced by the United States Supreme Court, the Utah Supreme Court, or the Utah Court of Appeals after conviction and sentence became final." *Id.* § 78B-9-104(1)(f). Collum has not identified any newly announced rule as a basis for relief. Accordingly, there is no change to the date his cause of action accrued under this subsection.

¶7    Collum also argues that the petition should be considered timely based on subsection 107(2)(e), which states that a cause of action accrues one year from the "date on which petitioner knew or should have known . . . of evidentiary facts on which the petition is based." *Id.* § 78B-9-107(2)(e). He has not, however, asserted any new evidentiary facts that would support a later date of accrual. His petition is based on facts known to him during the course of his criminal proceeding, up to and including the date of sentencing. He explains his frustrations with counsel and alleges various failures of counsel all occurring no later than July 6, 2010. The "facts" that Collum asserts are new are matters regarding his research and knowledge developed later, which do not constitute evidentiary facts on which the petition is based.

¶8    Collum also asserts that tolling provisions apply to make his petition timely. He argues that the time for filing should be tolled under subsection 78B-9-107(3), which provides that the limitations period is tolled for any time "during which the petitioner was prevented from filing a petition due to state action." Utah Code Ann. § 78B-9-107(3). He argues that he was

prevented from filing because he lacked access to the courts. However, the trial court noted that Collum had met with the prison contract attorneys multiple times and had not alleged that the attorneys had failed to assist him with his petition. The other allegations in Collum's brief primarily regard incidents occurring in his criminal case that are irrelevant to the filing of his petition. Collum has failed to show that the trial court erred in finding that Collum was not prevented from filing his petition by state action.

¶9 Collum next argues that the trial court erred in finding that the statute of limitations in the PCRA is constitutional. However, the trial court did not reach the constitutional question. Rather, the court reviewed Collum's claims to see if they would meet the threshold required before the court would have to reach a constitutional issue. *See Winward v. State*, 2012 UT 85, ¶ 18, 293 P.3d 259. To meet the threshold, a petitioner "must demonstrate that he has a reasonable justification for missing the deadline combined with a meritorious defense." *Id.*

¶10 The trial court found that Collum failed to meet either part of this threshold showing. As noted above, all of the operative facts were known to Collum, and he had access to contract attorneys. Further, the trial court found that there was insufficient factual support for any of Collum's substantive claims. Collum has not shown that the trial court erred in its determination.

¶11 Collum also asserts that the trial court erred in declining to appoint counsel for post-conviction proceedings. However, there is no right to assistance of counsel in non-capital post-conviction proceedings. *Hutchings v. State*, 2003 UT 52, ¶ 20, 84 P.3d 1150.

¶12 Collum also argues regarding the trial court's denial of his motion for reconsideration and refers to his pleadings in support of that motion. The notice of appeal was filed before the trial court denied the motion, and specified only the trial court's

order dismissing his petition as untimely. Accordingly, matters regarding the motion to reconsider are beyond the scope of this appeal. Finally, the other issues raised in Collum's brief are not relevant to the posture of this appeal or are otherwise without merit, and are not addressed further. *Carter v. State*, 2012 UT 69, ¶ 16, n.7, 289 P.3d 542 (stating that appellate courts "need not analyze and address in writing each and every" issue raised).

¶13    Affirmed.

———————